IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL PAUL HOLMES,** | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-05-0626** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **DAVID O'NEILL,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM and ORDER

## I. Background

Plaintiff, Michael Paul Holmes, while an inmate at the Pike County Prison in Lords Valley, Pennsylvania, commenced this action with a *pro se* civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff claims that Defendants lost his dentures, and he seeks damages for the disfigurement of his mouth and the emotional stress and trauma occasioned by the loss. Pending before the court is the Plaintiff's motion for appointment of counsel (Doc. 3). For the reasons that follow, the motion will be denied.

## II. Discussion

Although litigants have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace,* 6 F.3d 147, 153 (3d Cir. 1993)); *see also Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In *Tabron*, the Third Circuit developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. *Tabron,* 6 F.3d at 155. If a claimant overcomes this threshold hurdle, the Third Circuit identified a number of factors that a court should consider when assessing a

claimant's request for counsel.  These include (1) the plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation, (4) the plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses.  *Id.* at 155-57.  Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

Here, Plaintiff's motion fails to set forth sufficient circumstances to warrant appointment of counsel.  Assuming, solely for the purpose of deciding this motion, that Plaintiff's complaint has arguable merit, Plaintiff has not demonstrated that he is incapable of presenting comprehensible arguments.  Plaintiff has set forth his complaint in legibly written, understandable paragraphs.  The legal issues are relatively uncomplicated, and the court cannot say, at least at this point, that Plaintiff will suffer prejudice if he is forced to prosecute this case on his own.  Furthermore, this court's liberal construction of *pro se* pleadings mitigates against the appointment of counsel. *Haines v. Kerner*, 404 U.S. 519 (1972)

Therefore, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for appointment of counsel will be denied.

    S/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

Dated:  April 25, 2005.